Mr. McGonigal, are you ready to proceed? We've got two related cases being argued today. Mr. McGonigal is arguing both of them, as is Mr. Long. You're going to have two arguments, Mr. McGonigal, but I'll expect you won't plow the same ground twice. I will try not to, Your Honor, although they're virtually identical. Thank you. Let's go. Good morning, Your Honor, and may it please the Court. This case turns on the true meaning of one word and two phrases in the applicable statute. The first phrase is the meaning of the word public safety officer. That was the section that was in effect when the petitioners were nearly killed in the terrorist attacks of September 11th. If we affirm the BJA's determination that Mr. Bethea was not a public safety officer, everything else is moot, isn't it? There are two issues here. One is, is he a public safety officer and was the ambulance crew on which he was serving an instrumentality of the New York Fire Department? We're contending that he was both a public safety officer under the plain definition of the statute and also that the ambulance crews that both Mr. Bethea, well, Mr. Bethea in this particular case was serving on, was that morning an instrumentality of the New York Fire Department? Well, for the first one, we've got Groff, Graff, and Moore. Yes. And they're pretty clear precedent in their federal circuit. The distinction in Groff is that in the contract in which Groff was serving, had him serving in an independent capacity at all times. That was clear. This was a case where the state of California had contracted out to the firm that Mr. Groff worked for, and he was paid by that firm, and he was under their orders at all time. And it says right in the opinion that he was working in an independent capacity at all times when he was killed. In Mr. Bethea's case, as soon as the call came in from the New York Fire Department that morning, he was within, he was taking orders from the New York Fire Department under life and death conditions. He was taking orders from them, but he was still working for the hospital. He was working for them. And the distinction that I want to make here, and I think it's clear in the statute, is the statute covers not just people who are employed by a public agency, but also people who are serving a public agency. And that's an important distinction. And I think the way the regulation, the 2006 regulation is written, it is much, much too narrow. I was five blocks away when the planes hit, serving as a federal judge, okay? Yes. If I had rushed down there and helped pull people out, I'm serving in a public capacity, right? You would be served, but I think the distinction there is, well, I'm not so certain that you would not have been serving in a public capacity. But the question would be, are you serving under the command structure of the New York Fire Department under those conditions, which, as you know, are battlefield conditions, and these men were risking their lives at the time. So I think the distinction is that they were not working in an independent capacity. Once the call came in that morning, Mr. Bathia was basically taking orders straight from the New York City Fire Department. And I think that's the distinction that makes this a different case. Supposing the hospital had called them on the way down and said, this is too dangerous, turn around, come back. Well, that would have been a violation of the agreement that the hospital had with the city of New York at that time. Would he have been subject to penalties for failure to obey orders? I don't think he would have, Your Honor. I don't think, but again, he didn't have that choice. If his employer had pulled him out, that would be a different situation altogether. But he didn't have that choice. Once he was there, he had to do what he was told, and he was willing to do it, and he almost got killed as a result. And the question is, how narrowly can the agency read that definition? They've been approved in the past under different circumstances, but it virtually requires the person to be employed by the public agency. The actual language is that it has to be authorized, recognizes, or designates them, and they have to be functionally a part of the agency. Where are you reading from? This is in the definition of... I need a page number of a document. Okay. It's in the government's brief on page 13, and it would be in the appendix as well. I could get you the page number there, but this is cited in the government's brief on page 13. The definition that was... And again, this is a definition that the agency promulgated in 2006, five years after the fact. They are given the right to do this under the Dale Long Act, to write retroactive regulations. But again, I think the court needs to look very closely at that language because it appears to virtually eliminate anybody who isn't an actual employee. I think as a practice, they're carving out members of volunteer fire companies, but if you read that language, it basically rewrites the statute, so that the statute must be employed by the public agency rather than just serving a public agency. The court would have to re-examine the scope of the Graff case. We would also ask the court to look at the word instrumentality, because in addition to serving a public agency, are they serving an instrumentality of a public agency? And again, all of the ambulance crews that were on the scene at 9-11 were effectively instrumentalities of the New York Fire Department that morning. They were taking orders from the New York Fire Department, again, under battlefield conditions. And so if we construe the term instrumentality, I think it clearly covers that situation. Again, this is a case in which the court is going to have to decide how much it wants to examine the agency's definition. And you think that reading the regulatory language the way the director here has read it, would render the regulation inconsistent with certain statutory language? I think it would. And that statutory language is what? Yes. Is what? I'm sorry. What is the statutory language that you think the director's reading of the regulation would run counter to? Well, they were defining the term official capacity in the 2006 regulation. And that's narrowing the scope of the statute far beyond what Congress intended. The plain language that Congress put in the act, Congress actually defined this term. This isn't a case where Congress left a gap. They actually came out and defined the term public safety officer. And they said it is somebody who is serving a public agency or serving an instrumentality of a public agency. And is a member of an ambulance crew. And I think that Congress made it clear that just taking traditional terms, tools of statutory construction, that you would find that Congress intended to cover the sort of situation that arose on 9-11 with the voluntary hospital. Would it matter if St. Vincent's had been a public hospital as opposed to a private hospital? I haven't thought. I'm not sure that that would be the case, if it was a public or private hospital. I think there would be some discrimination problems there, but I haven't really examined that problem. Sorry, Your Honor. Can I ask you, I think this is an issue nobody has raised, so maybe there's a really easy answer. Do you view Public Law 107-37 as falling under the Public Safety Officer Benefits Act or as separate and apart? And the reason I ask is that it might make a difference for whether this court actually has jurisdiction. Certain PSOBA Act decisions are reviewable directly in this court under, I forget, the numbers keep changing. Yes. But I'm not sure, so if the Public Law 107-37 benefits were part of that, then you're in the right place for that claim. Right. I think you have two separate claims right here, right? But if the 107-37 claim is not part of the PSOBA, I'm not sure you're in the right place for that claim. Actually, Mr. Bathia is asking for consideration under both 107 and also under the fast-tracked provisions that are part of the PSOBA. What happened is that... The Patriot 611? Yes. Right, and that clearly is part of it. But it's not quite as clear to me whether 107-37, and I think maybe in some earlier case, LaBar or something, the government said it was not part of PSOBA. Right. I'm not sure if it's... I don't have the answer, Your Honor. But again, Mr. Bathia is asking for consideration under both provisions, the 107 Act, which was enacted immediately after 9-11, and then the broader act, which was made part of the PSOBA, which includes any terrorist attack. But the ground of the ruling here are the definitional provisions, and so the answer would be the same in your view? It would be in my view, but I think Mr. Bathia has a better case under the later act, under the act that was later made a part of the PSOBA, because that specifically says members of ambulance crews, and I believe he falls under that definition no matter what, no matter what the argument is in the other parts of the case. Okay, one other how-do-things-relate-to-each-other kind of question. If we thought that the director was right about the offset issue, is there anything... do the other issues here matter? The director, I think, had a footnote, I forget whether it's in both decisions, or at least it's in the Roberts decision, that says there might be some educational or survivor benefits that might be unaffected by the offset, but neither of the briefs made it obvious to me how these issues relate to each other. Well, on the offset... Because the offset they both received from the Victim's Compensation Fund more than the 250 available here, right? The way the agency is trying to apply the offset, I believe our client's case would get wiped out. If you include benefits that have already been paid under the 9-11 Act, then I think the offset... In both cases. In both cases. However, if you look at the actual statutory language of the so-called offset provision, it says, and that's future conditional tense. They're trying to extend that to any benefits that have been paid in the past. But the actual language of the statute says that we're going to disregard benefits that may be due, but then it doesn't say anything about the past benefits. So I was thinking a little bit about that, and tell me if... The following sort of seemed odd to me. Yes. So tell me if I'm just thinking about this wrong. In the situation where the VCF benefits have already been paid, the decision maker for these claims actually know whether there is an offset. Right. And you're saying in the case where they actually know the offset provision wouldn't apply, but where they're still uncertain because the other process hasn't reached a conclusion it would apply, that seems odd. It does seem odd. I think it may be a case of just bad statutory drafting, that they should have said, if that was the contention of Congress, they should have said, may be due or has been paid. But the words, or has been paid, never made it into the statute. In a lot of the cases, what will happen is that whether or not somebody qualifies... Do you have an authority for that? I mean, a similar statute where a court has held that there is a distinction between them, those two phrases. If you look at the Carr case in footnote 5, which the government cited in its brief, it deals with the Dictionary Act. How do we deal with different dictionary tenses? And basically what the Supreme Court said in Carr is that for the most part, yes, you have to take the tense as it is written. And the one exception was Coalition for Clean Air, which was criticized in the Carr case. You're into your rebuttal time. I'm sorry, Your Honor. Reserve it. So if I could reserve... If I could answer your question, that would be... Sure. Okay, I'm trying to get back to it. You're going to have cases where the applications are going to be pending at basically the same time. Both the Justice Department and the Victims' Compensation Fund are going to be deciding... are going to have the same coordinated applications in front of them. And so these are cases where they could apply the offset. And there will be quite a few cases like that that would come through the system. So this could have some application, although I think perhaps the statute wasn't drafted the way it had been intended to apply. Thank you. We have your time. We'll let you have your two minutes for your rebuttal. Thank you, Your Honor. Mr. Long? Thank you, Your Honor. May it please the Court, the Court should sustain the BJA's determination. We believe that Groff and Moore squarely apply here and compel the conclusion that Mr. Bethea was not a public safety officer within the meaning of the act. I, like Your Honor, was downtown on that day in Manhattan, and I understand the circumstances of the day. But as a legal matter, nothing changed about the relationship between St. Vincent's and Mr. Bethea and the Fire Department of New York on that date. So just to be clear, I think I understand this, but tell me if I'm wrong. In your view, the provision does not cover somebody who was fully under the direction during the hours of that day of the Fire Department. Because there was an organizational separation. Right. I think, you know, the difference would be between a good Samaritan who might have run downtown and was answering to a firefighter that day versus that person clearly would not be a public safety officer. Well, that person presumably could have decided, I've had enough, I'm leaving. This guy was working for an organization that had a contract that said, you're kind of obliged to perform these services. That is correct, but the limit of that relationship was defined by the agreement. And the agreement states that Mr. Bethea remained at all times an employee of St. Vincent's and was never an employee of the Fire Department. And if you look at the definition of acting in an official capacity as defined in the regulation, it's an individual who's functioning with the organization. You're reading from where now? I'm sorry, this is 28 CFR. No, no, no, I mean a piece of paper I can look at. This is, I apologize. This definition is in. I apologize. Which 28 CFR are you reading? 32.3, Your Honor. It's on 13 of your red brief. It's on 13 of the red brief. That's correct. I apologize. And under that definition, an individual is serving a public agency in an official capacity only if he is officially recognized as functioning within the agency and the agency legally recognizes his acts as its own. And that is not the case here because at all times, as demonstrated by the letter from the MS Chief of the Fire Department of New York, which is at page 6 of the Supplemental Appendix, at all times, Mr. Bethea's acts remained the responsibility of St. Vincent's and not the Fire Department. It did not accept tort liability and his acts were not the Fire Department's for purposes of sovereign immunity. And so he was not acting in an official capacity at that time. Your Honor asked about the impact of Public Law 107-37 and jurisdictional, the jurisdictional question. I confess that I have not examined that question. As you know, it wasn't raised in the briefs. But it does not matter because the certification, well, jurisdiction always matters, but I also note that the certification that would be required from the Fire Department of New York is absent here. And so there's been no certification that he's Mr. Bethea's. What is the government's position about whether 107-37 is part of the PSOBA in the sense that is relevant to deciding whether the PSOBA provision referring to review by the Federal Circuit would or would not apply? I guess I have, I guess a brief you guys filed in, what, 2005 in the LaBaer case in the Court of Federal Claims, where you said Section 2 of Public Law 107-37, as well as actually the Patriot Act 611B, indicate that benefits awarded pursuant to those acts are not benefits awarded pursuant to the PSOBA. I apologize, Your Honor. I can't answer the question. I would have to follow up. If you would like supplemental briefing, I'd be happy to provide it. I can't answer that here. And also going to the question of whether or not the offset would, the questions of whether Mr. Bethea was a public safety officer would end the case. I note the footnote that you brought up, footnote 63 in the Director's determination. And another, we have not examined it. I have no reason to believe that the characterization is incorrect and that spouses and children might be eligible for educational benefits. I think Mr. McGonigal said, I think he said as a practical matter in this case, that's theoretical and not real. That may be the case. I may have misunderstood. Yeah, no, well, okay, I'll take that concession. Mr. Wong, supposing Mr. Bethea had said, gotten to the site, began work, and then said to the fire department commander on the scene, it's just too dangerous, I'm leaving. And the fire department commander said, I order you to stay. One of two things happens. He stays or he leaves. Yes. If he stays, is he now under fire department command as a firefighter? His actions are being directed by the fire department of New York, but that's only, the fire department of New York only has power over him to the extent of the agreement between the fire department and St. Vincent's. And so, yes, there are provisions, I believe, in the agreement that allow the fire department to provide instruction in emergencies, but. So he leaves. So he leaves and then. Is he subject to any penalty other than by his employer for breach of contract? Not to my knowledge, Your Honor. I think it would only be a matter between him and his employer, and the fire department would have no recourse in that instance, as far as I understand things. The final point I just wanted to make, with respect to the burdens of relating to the offset, is simply that the proffered explanation of only applying to future payments is absurd. I think the panel sort of reached that point of how could you only offset future payments that haven't occurred yet. It just doesn't make sense as a matter of practical application. Just to, I think, restate something I said to McGonigal. This is back on this, where does the 10737 provision fit? I think it might matter for jurisdiction. It might also matter for the offset, because I think the offset language in PSOBA may be limited to matters under the subchapter. And if 10737 is not under the subchapter, there might not be an offset. That may be correct, Your Honor. I don't have time to look into it. Thank you. Thank you, Counsel. Mr. McGonigal, you've got two minutes. Thank you, Your Honor. To address some of the issues that were raised on my esteemed counsel's argument, I don't believe that the fact that the agency regards the reading of may be due as an absurd reading really matters here. That may be due was the language that Congress chose to use. You're familiar with at least some principle that absurdity can override what might be an interpretation of language that can't linguistically quite be avoided. But I don't think that would apply in this case. And, again, a great many of these 9-11 claims are working their way through the system right now. And this is not in my brief, but that is a fact that a lot of these claims are still pending, both in front of the Victims' Compensation Fund agency and the Bureau of Justice Assistance. And they're going to be considered at roughly the same time on roughly the same ground. So there will be some – the offset could apply in these may be due situations where both claims are maturing at the same time. So I think we can get over the absurdity hurdle in that particular case. I think there are other matters that – reasons why this court should be sending the case back to the agency. In 2017, last year, the Congress made some major, major changes in the program. Two of the changes that should be applied in this case are that the agency has to give substantial weight to any of the findings made by another government agency. And in this case, it would be the New York Fire Commissioner. It would be Social Security Administration and other agencies that have dealt with Mr. Bathia's case. And they're also expected to adopt the well-founded findings of other government agencies. Whether or not they did or did not do that, we don't know. So at the very least, I believe the court needs to send Mr. Bathia's case back to the agency so that it can apply the provisions of the 2017 statute.